PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE ___SOUTHERN___ DISTRICT OF TEXAS

___CORPUS CHRISTI___ Division

United States District Court
Southern District of Texas
FILED

**MAR 1 4 2000**

MICHAEL N. MILBY CLERK

### PETITION FOR A WRIT OF HABEAS CORPUS BY A
### PERSON IN STATE CUSTODY

# C-00-109

| | |
|---|---|
| David Trevino | TDCJ-ID/Ramsey One Unit |
| **PETITIONER** | **CURRENT PLACE OF CONFINEMENT** |
| (Full name of Petitioner) | |
| | #444918 |
| **VS.** | **PRISONER ID NUMBER** |
| Gary Johnson, Director | |
| Texas Department of Criminal Justice- | |
| Institutional Division | |
| **RESPONDENT** | **CASE NUMBER** |
| (Name of TDCJ Director, Warden, Jailor, or | (Supplied by the Clerk of the District Court) |
| authorized person having custody of petitioner) | |

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3.  When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

1.

5.    Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.    Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.    When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.    Petitions that do not meet these instructions may be returned to you.

## PETITION

**What are you challenging?** (Check only one)

    ☒    A judgment of conviction or sentence,   (Answer Questions 1-4, 5-12 & 20-23)
                 probation or deferred-adjudication probation

    ☐    A parole revocation proceeding.   (Answer Questions 1-4, 13-14, & 20-23)
    ☐    A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-23)

**All petitioners must answer questions 1-4:**

1.    Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
     36th Judicial District Court of San Patricio County, Texas

2.    Date of judgment of conviction:   February 12, 1987

3.    Length of sentence: 8 years and 16 years-concurrent

4.    Nature of offense and docket number (if known): Burglary of Habitat #6264-2 and
     Burglary of a Building #6867-2

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.    What was your plea? (Check one)

    ☐   Not Guilty     ☐   Guilty     ☒   Nolo contendere

6.    Kind of trial: (Check one)   ☐   Jury     ☒   Judge Only

- 2 -

**CONTINUED ON NEXT PAGE**

7.    Did you testify at the trial?    ☐    Yes     ☒    No

8.    Did you appeal the judgment of conviction?    ☒    Yes    ☐    No

9.    If you did appeal, in what appellate court did you file your direct appeal?

   <u>Convicting Court</u>      Cause Number (if known) <u>Unknown</u>

   What was the result of your direct appeal (affirmed, modified or reversed): <u>Affirmed</u>

   What was the date of that decision? <u>Unknown</u>

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Result: <u>No P.D.R.</u>

   Date of result: _____ Cause Number (if known):_____

   If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: <u>No Petition</u>

   Date of result: _____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

   ☒    Yes      ☐    No

11.    If your answer to 10 is "Yes," give the following information:

   Name of court: <u>Court of Criminal Appeals of Texas</u>

   Nature of proceeding: <u>State Writ of Habeas Corpus</u>

   Cause number (if known): <u>43,789-01 and 43,789-02</u>

   Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.
   <u>December 2, 1999</u>

   Grounds raised: <u>1)Ineffective Assistance of Counsel 2) The guilty plea was</u>
   <u>rendered involuntary 3) Broken Plea Bargain Agreement 4) Judge violated</u>
   <u>Plea Bargain Agreement 5) Denial of Right to Appeal 6) Restoration of good</u>
   <u>time and Flat time credits.</u>

- 3 -

**CONTINUED ON NEXT PAGE**

Date of final decision: __January 12, 2000__

Name of court that issued the final decision: __Court of Criminal Appeals of Texas__

As to any **_second_** petition, application or motion, give the same information:

Name of court: __N/A__

Nature of proceeding: _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

_____

Date of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

         ☐ Yes      ☒ No

(a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

_____

_____

(b) Give the date and length of the sentence to be served in the future: _____

_____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

    ☐   Yes     ☐   No

- 4 -

CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.     Date and location of your parole revocation: N/A

14.     Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

☐     Yes          ☒     No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.     For your original conviction, was there a finding that you used or exhibited a deadly weapon?          ☐ Yes          ☒ No

16.     Are you eligible for mandatory supervised release?          ☐ Yes          ☐ No

17.     Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

N/A

Disciplinary case number:

18.     Date you were found guilty of the disciplinary violation:

Did you lose previously earned good-time credits?          ☒ Yes          ☐ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost:

N/A

19.     Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

☐     Yes          ☐     No

If your answer to Question 19 is "yes," answer the following:

Step 1  Result:

Date of Result:

Step 2  Result:

**- 5 -**          **CONTINUED ON NEXT PAGE**

Date of Result: _____

## All applicants must answer the remaining questions:

20.  State <u>clearly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

     **CAUTION:**
     <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
     <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)  Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)  Conviction obtained by the use of a coerced confession.

(c)  Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)  Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)  Conviction obtained by a violation of the privilege against self-incrimination.

(f)  Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)  Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)  Conviction obtained by a violation of the protection against double jeopardy.

(i)  Denial of effective assistance of counsel.

(j)  Denial of the right to appeal.

(k)  Violation of my right to due process in a disciplinary action taken by prison officials.

**CONTINUED ON NEXT PAGE**

A. **GROUND ONE:** __Ineffective Assistance of Counsel_____

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

__(Kimbrel L. Brown) Appointed Counsel, failed to inform the court of the__
plea bargain between me and the prosecutor.  Counsel failed to object
when the trial judge ignored and broke the plea bargain between me and
the prosecutor for a six (6) year concurrent sentence.

_____

_____

_____


B. **GROUND TWO:** __Involuntary Plea (when the judge and prosecutor failed to__
_honor the plea bargain and counsel failed to object and appeal.)_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

__Guilty plea was entered into agreement for an 6 year concurrent sentence__:
the prosecutor told the judge there was a 6 year plea bargain but failed
to say anything after the judge said he was rejecting the plea bargain.
Neither the prosecutor nor counsel objected or moved for mistrial.  Counsel,
(Kimbel L. Brown) failed to help and perfect appeal.

_____

_____


C. **GROUND THREE:** __Plea Bargain broken-Prosecutor failed to keep bargain__

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

__The prosecutor had the duty to inform the trial court that there was a__
written 6 year (concurrent) plea bargain agreement betweenthe State and
the Defendant.  Prosecutor did inform the trial judge once: however, said
prosecutor failed to say further or make any objection after the judge
rejected the 6 year plea bargain and entered much harsher (8 and 16 years)
sentences.

_____

_____

**-7-**

CONTINUED ON NEXT PAGE

D.    **GROUND FOUR:** <u>Judge rejected the written plea bargain and entered</u>

<u>harsher punishment</u> **(HARM)**

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

<u>In cause #6264-2 and 6867-2 Petitioner's right to due process of law</u>

<u>and equal protection was violated when judge Ronald Yeager rejected the</u>

<u>written plea bargain agreement with its prosecutor's proposed punishment</u>

<u>of 6 years and sentenced petitioner to 8 and 16 years.</u>

21.   Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐   Yes          ☒   No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

22.   Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐   Yes          ☒   No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

**- 8 -**                                **CONTINUED ON NEXT PAGE**

**E.**   **GROUND FIVE:**   Denial of right to appeal the rejected plea bargain agreement

Supporting FACTS:

I was denied the right to appeal the rejected plea bargain and involuntary plea. Appointed Counsel (Kimbel L. Brown) failed to help and perfect appeal.

**F.**   **GROUND SIX:**   Restoration of Good time and Flat time credits

Supporting FACTS:

I have been denied credit for all previously earned good time and denied credit for my calendar time.

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

         ☐     Yes             ☒     No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

        PRO SE_____

        Signature of Attorney (if any)

        _____

        _____

        _____

     I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on March 9, 2000 _____ (month, date, year).

    Executed on ___3/9/2000_____ (date).

               David Trevino_____

               Signature of Petitioner (required)

Petitioner's current address:  David Trevino   #444918_____

_____1100 FM 655_____

_____Rosharon, Texas  77583_____

CUMPDF - www.fexiss.com

In The
United States District Court
Southern District of Texas
Corpus Christi Division

David Trevino,
TDCJ-ID 444918,
Petitioner pro se
    vs
Gary Johnson,
Director-TDCJ-ID

Number :_____

( from the 36th District Court
San Patricio Co. ;
trial cause 6264-2 ,
        6867-2       )

Applicant Trvino's Brief in Support of Petition for

Writ of Habeas Corpus

To the Honorable Judge of Said Court :

Comes now Petitioner David Trevino, TDCJ-ID 444918, pro se, who
respectfully files this, his brief in support of his application
for writ of habeas corpus.

## I

Petitioner respectfully invokes the rights, privileges and
immunities secured to him by the Provisions of the Texas and Federal
Constitutions as enunciated in the Bill of Rights specifically the
fundamental right to the Due process of law . Petitioner further
invokes the pendent jurisdiction of this Court to hear and decide
claims arising under state law.

## Il

The facts of this case regard the violated written plea bargain
agreement between the Defendant and the prosecutor ( Thomas Bridges)
by the trial court ( Judge Ronald Yeager). Defendant and his counsel
agreed with the prosecutor for a six (6) year, concurrent, sentence ;
however, the trial court rejected the plea bargain and assesed
punishment, respectively, of eight (8) and sixteen (16) years.

This same trial court later determined the defendant had no
cause for an appeal and denied his appeal. Defense counsel merely
went thru the motions of representing his client.

1.

# III

## Consolidated Argument and Authsorities

The below argument and authorities will address the following claims :

1.   Ineffective assistance of counsel ( at trial & appeal )

2.   The guilty plea was rendered involuntary ( by Judge's actions)

3.   Broken Plea Bargain Agreement ( Prosecutor failed to keep ..)

4.   Judge violated the plea bargain agreement

5.   Denial of right to appeal the rejected plea bargain agreement.

6.   Restoration of Good time and Flattime credits .

The Supreme Law of the Land demands due process of law in all trials and affords the defendant the equal protection thereof with the effective assistance of cousel to represent him and these rights. In Santobello v New York, 404 U.S. 257, 30 L.Ed 2d 427,  92 S.Ct. 495 it was held that when the evidence showed that a prosecutor made a particular promise in a plea bargaining case, justice requires that the promises made to induce the guilty plea be kept by the States .

A plea bargain agreement is contractual in nature and must be honored by all agencies of the State.  Article 26.13 (a)(2) VACCP requires the trial court to allow the defendant to withdraw his guilty plea IF it rejects the plea bargain.  Art. 26.13, supra outlines the required actions of the trial court to admonish the defendant as to the nature and consequences of any guilty plea pursuant to an agreed plea bargain or recommendation.  In this case, there was a written plea bargain agreement for a concurrent six (6) year sentence(s).

It has long been the practice and custom of Texas courts to approve all written plea bargain agreements between a defendant and the State. cf Perkins v 3rd Court of Appeals , 738 S.W. 2d 276 ( en banc 1987, Texas Crim. App.)  See also Hayes v Maggio, 699 F. 2d 198, 204 ( 5th Circuit, 1983 )(this is the primary plea bar-

2.

gain agreement case in the 5th Circuit ).

A plea bargain agreement is contractual in nature and the pro-
mises made by the prosecutor in consideration for a guilty plea
must be fulfilled by the Government. citing Santobello, supra, at
262. When the State breeches the plea bargain agreement, the def-
endant has the right to sue for specific performance of the agree-
ment cf Hayes, supra, at 204 . And the Court has the responsibility
to enforce the constitutional guarantees . Santobello, supra, at
262-263, see also Contreras v State , 658 S.W. 2d 334(Tex.App. 1983)

Article 26.13 supra, permits the trial court to accept or reject
any plea bargain agreement ; however, in this case there was a
binding written plea bargain agreement between the Defendant and
the State signed before the trial judge accepted the guilty plea.
Further, the trial court accepted the guilty plea before inquiring
whether there was a plea bargain agreement .

The trial court informed the defendant that if he rejected the
plea bargain agreement that he (the judge) was sure a jury would
give him the maximum punishment because there was enough evidence
to find him guilty, then he asked the defendant "what are you going
to do, are you going to keep your plea or not/ ?"

At this point, the defendant turned to his counsel who assured
him"the judge was only trying to frighten him and"to keep his plea
of guilty, because 99.9 per cent of the time the judge always kept
the plea bargain agreement."   The defendant told the judge he was
not withdrawing his plea.bargain with the State.

The defendant did not get what he bargained for with the State
in a binding contractual agreement.  Nor was he allowed to appeal
the increased punishment in excess of what had been recommended
by the State in the signed agreement.

3.

When the trial court said it would reject the plea bargain, defnse counsel should have informed his client to withdraw his guilty plea, or asked the court to sua sponte wirdraw the guilty plea ; instead the trial court went on to say " there is enough evidence fer a jury to find you guilty and give the maximum of 20 years." This is was direct comment on the issue of guilt by the Court, and amounts to a finding of guilt prior to properly admonishing the defendant on the voluntairness of his plea.

The trial court's rejection of the plea bargain amutomatically rendered the guilty plea involuntary becaúse the trial judge never explained the nature of the charge to the defendant in either cause. The defendant was not allowed to appeal the senɪtnces because the trial court would not permit the defendant to appeal, not did his counsel give proper notice of appeal or file any notice with the court, or make any proper objectĩons to the trial court's denial of the plea bargain agreement and the increased punishment.
Cf Strickland v Washington,  466 S.Ct. 668

The record herein will show that Petitioner was on probation since 1984 and rearrested for burglary of a habitation building in December 1986.  On Feb.12th, 1987 the plea bargain was made with the State for concurrent six year sentences.  A defenant is entitled to the laws in effectt at the thme of his offense.  Ex Parte Lowry, 692 S.W.2d 86 .  There are no superfluous words in any statute and each word has a specific and clear ꝑeaning and purpose. citing Mancuso v State, 919 S.W. 2d 86, 95 ( en banc, Tex.Crim.App.) Boykin v State, 818 S.W.2d 782.  Nor may the State reformulate parole laws to make them stricter for exisiting sentences. cf Weaver v Graham, . Article 42.12 Section 15( c) VACCP was the law in 1986 and stated that time spent of parole or maṅdatory supervision ..shall be calculated as calendar time.." and which the State

4.

and prison officials have deprived and denied this Petitioner who
was sentenced in 1987, paroled in 1988, had his parole revoked
in 1989 and returned to prison then released again 90 days later
and revoked again in 1993 then released again in 1995. Petitioner
was revoked in November 1998. Petitioner has spent apx. 8 years
on released supervision/parole ( aka calendar time ) but not been
accredited one day of credit toward fulfillment of his sentence.

Nor has Petitioner been granted any of his previously earned
"Good time" credits toward sfulfillment of his ~~x~~ sentences.
Petitioner only has a total of (apx) 7 years credit toward fulfill-
ment of his sentences. cf Ex Parte Smiley , 730 S.W. 2d 757 ( en banc
Tex. Crim.App. 1987 ) which permits a Petitioner credit for time
spent on release towards fulfillment of the ~~sctnce.~~ sentence.

The law in~~x~~ effect at the time of the offense is what controls
the operation of the sentence ( 6264-2 ) : hence, Article 42.12 Sec.
15c. V.A.C.C.P. although now repealed by other statutes is still
in effect for the duration of the two ( 2 ) concurrent sentences
( 6264-2 & 6867-2 ). No other law regarding release may be imposed
upon the Petitioner which prescribes harsher terms for his release.
Citing in part Weaver v Graham, 101 S.Ct. 960, 450 U.S. 24, 67
L.Ed. 2d 17  Const. Laws 120, 197, 199, 203, 252.5  5th Amend.

Art. 42.12 Sec. 15c supra requires that the time spent on
release shall be calculated as calendar time... "shall" is a manda-
tory term of law and requires the performance described . None of
Petitioner's release time has yet to be calculated as "caldender"
time ( day dor day credit ), thus Petitioner has been dnied apx
8 years of day for day credit spent on release towards fulfillment
of his sentence. The Parole laws of 1984 also required Petitioner
be accredited all his previosly earned good time credits apx 120
days after his revocation of parole or mandatory supervision.

The 1984 Texas laws are continued in effect for the enforcement of the concurrent sentences as mandated by Texas laws. And Petitioner has been denied his right to the due process of law that demands his previously earned good time be restored to him apx. 120 days after a technical violation of his release. This Petitioner has been deprived of apx 7 years of good time credits towards fulfillment of his sentence and eligibility for mandatory release ( "..shall be released.." ). Cf 8th Amendment U.S.C.A.

IV

For tha above reasons and argument, Petitioner would respectfully move this Honorable Court to grant his application for writ of habeas corpus and issue said writ for his immediate relaese from further illegal confinement since said confinement violates his rights under the 5th, 8th and 14th Amendments .

I, David Trevino, TDCJ-ID 444918, do hereby swear under penalty of perjury that I have read the foregoing instrument and declare, still under said oath, that I find each stated fact to be true and correct, and further, I adopt this work as my own product.

Respectfully Submitted,

3/8/2000

_David Trevino_ (signature)

David Trevino
444918
Ramsey I
1100 FM 655
Rosharon, Texas 77583-7670

6.