In The

United States District Court

Corpus Christi Division

United States District Court
Southern District of Texas
FILED

MAR 16 2000

MICHAEL ___, CLERK

David Trevino,
TDCJ-ID 444918
Petitioner, pro se
vs
Gary Johnson,
Respondent,
Director, TDCJ-ID

No. C-00-109

(from the 36th D.C. in Sinton Co.
trial causes 6264-2 & 6807-2)

Petitioner's Supplemental Statement of Facts

To the Hnorable Judge of said Court :

Comes now Petitioner David Trevino who respectfully supplements the submitted statement of facts as reflected by the Opinion in 13-87-080-CR by the 13th Court of Appeals in Texas in support of his two grounds ( # 3 & 4 ) for relief requested.

Said Opinion reflects that the trial court (initially) agreed to follow the recommendation of the State. Opinion, page 1. "However, after some discussions...., the trial court stated that it reconsidered appellant's plea and would not follow the recommendation of the State." Opinion, page 2.

Said Opinion also reflects that the revocation of probation was also tried in the trial court, but is not the subject of this appeal." Opinion, page 1 FN 1. This Opinion was only recently recieved by Petitioner. Art. 26.13(a)(2) V.A.C.C.P. allows for a trial court to inform the defendant whether it will follow or reject the pk receeommendation of the State..and once said decision has been made in open court, the trial court may not renege on its prior decision.

" More is not required; the court has nothing to do but give judgment and sentence." citing Kercheval V U.S. 47 S.Ct. 582, 583, 274 U.S. 220, 223  71 L.Ed 1009 (1927)

The Supreme Court in 1971 held that plea bargaining "is not only an essential part of the process but a highly desirable part for many reasons.# citing Santobello V N.Y., 1971, 92 S.Ct. 495, 498,

1.

404 U.S. 257, 261, 30 L.Ed 2d 427 ( per Burger C.J.) In a concurring opinion Justice Douglas said :

> These plea bargains are important in the administration of justice both at the state and federal levels and, as The Chief Justice says, they serve an inportant role in the disposition of today's heavy calendars." 92 S.Ct. at 499-500, 404 U.S/ at 264.

To permit a trial court to first agreed to a plea bargain and then later allow the trial court to change its mind once it has pronounced that it will follow the recommendations of the State would permit any trial court to later change its mind, at any time, after a defendant has entered into a plea bargain agreement , in good faith, with the State and the trial court makes a pronouncement in open court that it will follow the recommendation of the State and agree to the plea bargain.

Ordinary folks may change their minds, but trial courts are bound by their initial pronouncement of judgment. If a trial court is permitted to alter its mind afterwards, why not 1 week, 1 month or 1 or 4 years later ? It is an open door to a traversty of justice.

I, David Trevino, TDCJ-ID 444918, do hereby swear under the penalty of perjury that I have read the foregoing instrument and swear, under said oath, that the foregoing facts are true and correct.

Respectfully Submitted,

*David Trevino*            March 13 , 2000

David Trevino
444918
Ramsey I
1100 FM 655
Rosharon, Texas 77583-7670