IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

**JUN 19 2000**

Michael N. Milby, Clerk

| | | |
|---|---|---|
| *DAVID TREVINO,* | § | |
| Petitioner, | § | |
| | § | |
| *V.* | § | CIVIL ACTION NO. C-00-109 |
| | § | |
| | § | |
| *GARY JOHNSON, DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent. | § | |

## RESPONDENT JOHNSON'S ANSWER
## WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, ("the Director"), by and through his attorney, the Attorney General of Texas, and files this his Answer with Brief in Support.

### I.

### JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254.

### II.

### DENIAL

The Director denies each and every allegation of fact made by Petitioner, David Trevino, ("Trevino"), except those supported by the record and those specifically admitted herein.

15.

## III.

## STATEMENT OF THE CASE

The Director has custody of Trevino pursuant to two judgments and sentences in the 36th Judicial District Court of San Patricio County, Texas in cause numbers 6867-2 and 6264-2, both styled, *The State of Texas v. David Trevino*. *Ex parte Trevino*, Application Nos. 43,789-01, at 36-37 (cause number 6867-2); 43,789-02, at 31-33 (cause number 6264-2).

On January 16, 1987, in cause number 6867-2, Trevino was indicted for the second degree felony offense of burglary of a building. *Ex parte Trevino*, No. 43,798-01, at 35. On February 12, 1987, Trevino entered a plea of guilty and the trial court assessed punishment at sixteen years imprisonment and a fine of $5,000.00. *Id.* at 36-37.[1] Trevino appealed his conviction and the Thirteenth Court of Appeals, on August 28, 1987, in an unpublished opinion, affirmed the judgment of the trial court. *Trevino v. State*, No. 13-87-080-CR; *Ex parte Trevino*, No. 43,789-01, at 43-48. Trevino did not file a petition for discretionary review. Exhibit A. On November 1, 1999, Trevino filed his application for state writ of habeas corpus challenging his conviction in cause number 6867-2. *Id.* at 23.[2] On January 12, 2000, the Texas Court of Criminal Appeals denied Trevino's application without written order. *Id.* at cover.

On April 27, 1984, in cause number 6264-2, Trevino was indicted for burglary of a habitation. *Ex parte Trevino*, No. 43,789-02, at 23. On May 24, 1984, Trevino entered a plea of guilty and the trial court assessed punishment at eight years imprisonment, probated

---

[1] The plea bargain agreement was for six years imprisonment to run concurrently with the sentence in cause number 6264-2. *Ex parte Trevino*, No. 43,789-01, at 36. However, the trial court rejected the plea bargain and Trevino elected to proceed. *Id.*

[2] On October 25, 1999, Trevino filed his state writ of habeas corpus challenging the loss of good time credits. *Ex parte Trevino*, No. 43,789-01 at 2.

for eight years, and a fine of $1,500.00. *Id.* at 24-27. On February 12, 1987, Trevino's probation was revoked and his punishment was assessed at eight years imprisonment and a fine of $1,500.00. *Id.* at 31-33. Trevino did not appeal this conviction. *Ex parte Trevino*, No. 43,789-01, at 43 (Note 1 of unpublished opinion from the Thirteenth Court of Appeals). On October 25, 1999, Trevino filed his state writ of habeas corpus for previously lost good time credits. *Id.* at 2. On January 12, 2000, the Texas Court of Criminal Appeals denied Trevino's application without written order. *Id.* at cover.

On June 7, 1988, Trevino was release to parole. Exhibit B. On December 13, 1988, Trevino's parole was revoked. Exhibit C. On April 25, 1989, Trevino was re-released to parole. Exhibit D. On August 2, 1993, Trevino's parole was revoked. Exhibit E. On June 9, 1995, Trevino was re-released to parole. Exhibit F. On June 1, 1999, Trevino's parole was revoked. Exhibit G.

The Director includes a copy of Trevino's state writs of habeas corpus, *Ex parte Trevino*, Application Nos. 43,789-01, and -02. However, pending the court's determination of the instant Answer, the Director does not intend to forward the direct appeal record in cause number 6867-2, unless the court so orders. Copies of the foregoing have not been forwarded to Trevino.

## IV.

### PETITIONER'S ALLEGATIONS

The Director understands Trevino to allege the following grounds of error:

1)    concerning his convictions in cause numbers 6867-2 and 6264-2:

      a)    his counsel was ineffective for failing to inform the court of the six year plea bargain agreement;

      b)    his plea of guilty was involuntary because the trial court and the prosecutor failed to honor the plea bargain agreement;

3

> c) prosecutorial misconduct for failing to inform the trial court of the plea agreement of six years;
>
> d) his due process and equal protection rights were violated when the trial court rejected his plea bargain agreement and sentenced him to eight years and sixteen years imprisonment;
>
> e) he was denied his right to appeal the rejected plea bargain agreement;

2) he has been denied his right to previously earned good time credit.

Fed. Writ Pet. at 7-8A.[3]

## V.

## EXHAUSTION OF STATE COURT REMEDIES

The Director believes that Trevino has sufficiently exhausted his state court remedies as required by 28 U.S.C. §§ 2254(b) and (c), on his claims as addressed above.

## VI.

## ANSWER WITH BRIEF IN SUPPORT

### A.    Standard of Review.

Trevino's federal petition was filed on March 14, 2000, and signed on March 9, 2000. Fed. Writ Pet. at 1, 9, respectively. Therefore, his petition is subject to review under the amendments to the habeas corpus statutes, the Antiterrorism and Effect Death Penalty Act of 1996, ("the AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2061, 2068 (1997) (AEDPA does not apply to petitions filed before AEDPA took effect; "the new provisions of [the AEDPA] generally apply only to cases filed after the Act became effective"); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997) (AEDPA applies to a petition filed by state prisoner after April 24, 1996), *cert. denied*, 525 U.S. 859, 119 S. Ct.

---

[3]   Additionally, Trevino attaches an additional page following page 8 which the Director has number 8A.

4

144 (1998);  *United States v. DeLario*, 120 F.3d 580, 581 (5th Cir. 1997) (AEDPA applies

to a petition filed by federal prisoner after April 24, 1996).

The AEDPA provides that:

(d) (1) A 1-year period of limitation shall apply to an application for a writ
of habeas corpus by a person in custody pursuant to the judgment of a State
court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;

> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws
> of the United States is removed, if the applicant was
> prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

(2)  The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment
or claim is pending shall not be counted toward any period of limitation
under this subsection.  28 U.S.C. § 2244(d).

**B.     Trevino's claims regarding his holding convictions and the restoration
of lost street time on two of his parole revocation are time barred.**

Since he attacks the proceedings associated with his holding convictions, Fed. Writ

Pet. at 7-8A, the one year period of limitation ran from "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such

review."  28 U.S.C. § 2244(d)(1)(A) (2000).

5

Under 28 U.S.C. § 2244(d)(1)(A), Trevino's conviction became final, at the latest, on September 27, 1987, in cause number 6867-2, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. TEX. R. APP. P. 202(b), currently TEX. R. APP. P. 68.2. In cause number 6264-2, Trevino's conviction became final at the conclusion of time during which he could have filed a notice of appeal. TEX. R. APP. P. 26.2.[4] Therefore, his federal petition was due, under a literal reading of the statute, on or before September 26, 1988.

However, in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) (for 28 U.S.C. § 2254 petitions challenging state court convictions) and *United States v. Flores*, 135 F3d 1000 (5th Cir.) (for 28 U.S.C. § 2255 petitions challenging federal convictions), the Fifth Circuit held that applicants whose convictions became final before the enactment of the AEDPA, on April 24, 1996, had one-year in which to file their federal applications for writ of habeas corpus. In *Flanagan*, the Fifth Circuit also held that "when computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of the April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997, are timely." *Flanagan*, 154 F.3d at 201. Furthermore, the question of whether the Fifth Circuit's one-year "reasonable time period" would be further extended to accommodate a properly filed application for State post-conviction or other collateral review as allowed in 28 U.S.C. § 2244(d)(2) was resolved in *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998). In *Fields*, the Fifth Circuit held that ". . . the § 2244(d)(2) tolling provision applies to the reasonableness period." *Fields*, 159 F.3d at 916.

Trevino, did not file an application for state writ of habeas corpus challenging his holding convictions during the Fifth Circuit's reasonable period. Rather his state writ, filed

---

[4] Formerly, TEX. R. APP. P. 41(b). Additionally, TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(3) (Vernon 1989) requires permission from the trial court if there is a plea of guilty and punishment does not exceed the recommendation of the State.

November 1, 1999, more than two years and one-half years after the expiration of the April 24, 1997, reasonable time period. *Ex parte Trevino*, Application No. 43,789-01, at 23. Therefore, with the filing of his federal petition on March 9, 2000, Trevino exceeded the April 24, 1997, deadline by almost three years late and his claims challenging his holding convictions are time barred.[5]

Regarding the restoration of lost good time credits, some of his claims are time barred. On the first two revocations of his parole, December 13, 1988, (Exhibit C) and on August 2, 1993, (Exhibit E), the running of the statute of limitations began on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (2000).

Under 28 U.S.C. § 2244(d)(1)(D), Trevino knew or should have known the bases for his claims after his parole was revoked on December 13, 1988 and August 2, 1993. Since these claims arose before the enactment of the AEDPA, his federal petition was due on or before April 24, 1997, unless he had a properly filed application for State post-conviction or other collateral review as allowed in 28 U.S.C. § 2244(d)(2). However, Trevino did not file his state writ of habeas corpus challenging his lost good time until October 25, 1999. *Ex parte Trevino*, Nos. 43,789-01, at 2, -02 at 2. Therefore, the tolling provisions of 28 U.S.C. § 2244(d)(2) are not triggered and Trevino exceeded the limitations period by more than two and one-half years by the time he filed his state writ of habeas corpus and his claims are time barred. Thus, with the filing of his federal petition on March 9, 2000, Trevino exceeded the limitations period by almost three years and his claim is time barred.

---

[5] The Fifth Circuit has held "a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Therefore, the Director uses March 9, 2000, the date on Trevino's federal petition as the controlling date for all calculations. Fed. Writ Pet. at 9.

7

The fact that Trevino is proceeding *pro se* in filing his federal writ does not excuse his failure to file *this* petition earlier. *Cf. Fisher v. Johnson*, 174 F.3d 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner does not excuse prompt filing (citations omitted)"); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default), *cert. denied*, 519 U.S. 1093, 117 S. Ct. 772 (1997). Moreover, the record does not reflect that any unconstitutional State action impeded Trevino's ability to file *this* petition earlier or that the claim concerns any newly recognized constitutional right as announced by the United States Supreme Court. Therefore, the provisions 28 U.S.C. §§ 2244(d)(1)(B) and (C), *supra*. do not apply to Trevino's claims. For all of the foregoing reasons, Trevino's claims regarding his holding convictions and his two revocations of parole are time barred.

## C.    Trevino is not entitled to street time credit after revocation of parole.

Next, Trevino contends that the forfeiture of his street time served while on parole should be restored, specifically on the revocation of his parole on June 1, 1999. However, because Trevino is not constitutionally entitled to such time credit, habeas relief must be denied.

It is firmly established in this Circuit that there is no federal constitutional right to the reduction of the sentence of a parole violator for time spent on parole. *Newby v. Johnson,* 81 F.3d 567, 569 (5th Cir. 1996) (petitioner claiming he was entitled to time credit for his time on parole failed to show a violation of a constitutional right), *Munguia v. United States Parole Commission*, 871 F.2d 517, 521 (5th Cir. 1989) (no constitutional violation where petitioner loses his "street time" after committing a new offense), *cert. denied*, 493 U.S. 856, 110 S. Ct. 161 (1989); *Starnes v. Cornett*, 464 F.2d 524, 524 (5th Cir. 1972) (" it is firmly

8

established in this Circuit that time spent on parole does not operate to reduce the sentence of a parole violator returned to prison."), *cert. denied*, 409 U.S. 987, 93 S. Ct. 341 (1972).

Moreover, Texas has not created a right to such sentence time credit. The parole statute in effect at the time the controlling offense, December 18, 1986, *see Ex parte Trevino*, Application No. 43,789-01, at 36 (date of offense), was committed provides in relevant part:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

TEX. CODE of CRIM. PROC. ANN. art. 42.18 § 15 (Vernon Supp. 1985). Therefore, it is clear that there is no bill of attainder or *ex post facto* merit to his factual claim of forfeiture of street time.

Therefore, Trevino has suffered no constitutional violation in regard to his sentence. Because Trevino is not constitutionally entitled to such time credit, his claims regarding street time credit toward his sentence do not merit habeas relief. *See Newby,* 81 F.3d at 569; *Munguia,* 871 F.2d at 521; *Starnes,* 464 F.2d at 524.[6]

## VII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Trevino's petition be dismissed with prejudice.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

---

[6] Additionally, Exhibit H sets forth the lost time credits when Trevino violated his parole.

9

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
   for Criminal Justice

ROSS RAYBURN*
Assistant Attorney General
Chief, Habeas Corpus Division
State Bar No. 16615500
Southern District Bar No. 21575

P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
(512) 936-1400
(512) 936-1280 (Fax)

ATTORNEYS FOR RESPONDENT

*Lead Counsel

## NOTICE OF SUBMISSION

TO:  David Trevino, Petitioner, you are hereby notified that the undersigned attorney for Respondent will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

ROSS RAYBURN
Assistant Attorney General

10

# CERTIFICATE OF SERVICE

I, Ross Rayburn, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Answer with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this the 15th day of June, 2000, addressed to: David Trevino, TDCJ-ID# 444918, Ramsey I Unit, 1100 FM 655, Rosharon, Texas 77583.

ROSS RAYBURN
Assistant Attorney General

A

CVISPDF - www.finefox.com

# CLERK'S OFFICE

# COURT OF CRIMINAL APPEALS

# AUSTIN, TEXAS

I, TROY C. BENNETT, JR., Clerk of the Court of Criminal Appeals, do hereby certify that as part of my duties I have care and custody of the records of the Court. I have searched the records and have found no petition for discretionary review filed in the name of **David Trevino.**

WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 25th day of May , 2000, A.D.

Troy C. Bennett, Jr., Clerk

Veronica Arellano

Deputy Clerk

B

# State of Texas

**BOARD**



## BOARD of PARDONS and PAROLES

## Certificate of Parole

No. _____88-12698_____          DPS NO: 2484038

## KNOW ALL MEN BY THESE PRESENTS:

The Board of Pardons and Paroles of the State of Texas has been furnished information by the Texas Department of Corrections that

_____DAVID TREVINO_____                    _____444918_____        _____CO_____
Name                                          TDC No.

now confined in the Texas Department of Corrections is eligible for Parole release under the provisions of A. 42.18 C.C.P. A satisfactory release plan has been submitted;THEREFORE, the Board of Pardons and Paroles hereby orders the said inmate be released under Parole to the confines of

_____SAN PATRICIO_____                         _____TEXAS_____
County                                          State

and that he shall be deemed on parole and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:   **AND REPORT IMMEDIATELY BY TELEPHONE TO (512-888-5698) :**

MR RICHARD PENA
CORPUS CHRISTI DISTRICT PAROLE OFFICE
5233 IH 37 - SUITE A-6
CORPUS CHRISTI TEXAS 78408-2518

and that he be permitted to be at liberty in the legal custody of the Texas Department of Corrections but amenable to the orders of the Board of Pardons and Paroles, and under the rules and conditions of parole. The period of parole shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under parole is also calculated as calendar time. This permit to be at liberty on parole is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s) or specifying the context in writing below or in an attachment hereto. This certificate shall become effective when eligibility requirements for parole under Art. 42.18 C.C.P. have been attained by said inmate and when all rules and conditions both general and special are agreed to by said inmate. **BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.**

## SPECIAL CONDITIONS

(1) A    (2) T    (3) R

R--$157.50

ISSUED BY ORDER, AND UNDER THE SEAL, OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THIS THE _____18TH_____ DAY OF _____MAY_____ ,19 88

BOARD OF PARDONS AND PAROLES

_Wendell A. Odom_

If Parole is satisfactorily completed, Discharge Date will be _____11-26-2002_____

RULES AND GENERAL CONDITIONS OF PAROLE RE
AS PROVIDED          BOARD OF PARDONS AND PAROLES, ART. 18, C.C.P.

In consideration of the parole granted to me by the Board of Pardons and Paroles I do hereby accept such parole. I recognize that my parole release is conditional and agree to abide by the following terms and conditions:

1. Upon release from the institution, report immediately, as instructed, to my Parole Officer, thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board.
2. Obey all municipal, county, state and federal laws.
3. Obtain written permission of my Parole Officer prior to changing  my place of residence.
4. Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5. I shall not own, posses, use, sell nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6. Abide by any Special Condition(s) imposed by the Board; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.

I hereby agree to abide by all rules of Parole and all laws relating to the revocation of Parole including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Parole or under Parole jurisdiction, may conduct such hearings as the Board shall deem necessary, proper or which may be required by law.

I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. If, at the time of my release, I have 12 calendar months or more to serve before I discharge my sentence; I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.

In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Parole by the Texas Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas for any jurisdiction in or outside the United States where I may be found; I do hereby further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

## SPECIAL CONDITIONS

A. Releasee shall participate in a maintenance free program for the treatment of alcohol abuse.
B. Releasee must complete the basic adult education program.
C. Releasee shall submit to urinalysis at discretion of the supervising officer.
D. Halfway House Placement. (See attachment)
E. Releasee shall not operate a motor vehicle without written permission from the supervising officer or the Board.
F. Release shall not open a checking account without written permission from the supervising officer or the Board.
G. Release to detainer or plan. (See attachment)
H. Releasee shall participate in an MH/MR counseling program.
M. Releasee shall not use Methadone.
N. Releasee shall participate in a maintenance free program for the treatment of substance abuse.
O. Other.
P. Releasee shall participate in a psychological counseling program.
R. (Instate) Make restitution payments as required by supervising officer in an amount to be set by the Board (Out of State) By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Board of Pardons and Paroles (P.O.Box 13401, Capitol Station, Austin, Texas 78711); total amount to be set by the Board.
S. (Mandatory) Releasee shall be under intensive supervision for not less than 180 days. (Parole) Releasee shall be under intensive supervision.
T. Releasee shall totally abstain from the use of alcoholic beverages of any kind.
U. Releasee shall submit to urinalysis.
V. Releasee shall not contact victim(s) of the instant offense without written permission from the supervising officer or the Board.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Parole shall be sufficient cause for revocation of Parole; and I further understand that when a warrant or a summons is issued by the Board of Pardons and Paroles charging a violation of Parole rules or special conditions the sentence time credit shall be suspended until a determination is made by the Board of Pardons and Paroles insuch case and such suspended time credit may be reinstated by the Board of Pardons and Paroles should such Parole be continued, as provided by law (Article 42.18, Section 15, C.C.P.). I understand and agree that while I am under Parole, I am in the legal custody of the Texas Department of Corrections subject to orders of the Board of Pardons and Paroles and that I will receive credit on my sentence day for day (without commutation time); I further understand and do agree that in the event of revocation of this release on Parole, time spent on Parole will not be credited to my sentence.

AGREED AND SIGNED                    JUN 07 1988

on this date                     Inmate's Signature  David Nervino

I hereby certify that the rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

                                                          JUN 07 1988

PAROLE BOARD REPRESENTATIVE                              DATE

IS - 31 (9/87)

C

# STATE OF TEXAS
## PROCLAMATION OF REVOCATION
## WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME:                DPS NO.   2484038

WHEREAS   DAVID TREVINO, TDC# 444918                            was convicted of the offense of
Burglary, Burglary of a Habitation

_____ in the

036th(2)                              District Court   San Patricio
                                    , Texas on February 12, 1987   and
sentenced to imprisonment in the Texas Department of Corrections for  16 Years
                        and was administratively released on   June 7, 1988   and
subsequently failed to fulfill the terms and conditions of said release, and is therefore not
worthy of the trust and confidence placed in him:

NOW, THEREFORE, THE TEXAS BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby REVOKE the said administrative release granted by Certificate No.   88-12698          , and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT ISSUE and the aforementioned person be returned to be confined in the Texas Department of Corrections to serve the sentence originally imposed upon him or so much thereof as had not been served by him at the time of administrative release; and the time during which subject has been at large or on administrative release shall not be considered or credited to subject on such sentence.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS   DAVID TREVINO              TDC #   444918           , convicted felon and a prisoner of the State of Texas, administratively released from the custody of the Texas Department of Corrections on  June 7, 1988 , has violated the conditions of his administrative release, and the Texas Board of Pardons and Paroles has revoked same;

NOW, THEREFORE, IT IS ORDERED that any person to whom this warrant of arrest is issued is hereby authorized and directed to arrest said fugitive, administrative release violator, and hold him in custody, and deliver or yield him to the custody of officers of the Texas Department of Corrections of the State of Texas, for return to said institution. All parties are hereby informed that the said prisoner, administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18, Code of Criminal Procedure of Texas.

NOT SUBJECT TO BAIL

by: _____
                                    MEMBER
BOARD OF PARDONS AND PAROLES
P.O. Box 13401
Austin, Texas 78711 A/C 512-459-2700

WARRANT NO.   12-13-88-444918
TDC RECORDS OFFICE
SUPV. REGION/  VanDine/Supv/Region III
AGENT REG./
SUPV. OFF./ J. Priolo/Corpus Christi
AGENT OFF./
DPS

December 13, 1988
Date of Issuance       ce
Revocation Grounds—Do/Do Not Include
New Conviction
(Line through inappropriate portion.)
BPP-COC-98 (R-8-88) (the term "administrative..."

IN CUSTODY DATE:   November 15, 1988

D

# State of Texas

**BOARD**



## BOARD of PARDONS and PAROLES

### Certificate of Parole

No. 89-10933                           DPS NO: 2484038

## KNOW ALL MEN BY THESE PRESENTS:

The Board of Pardons and Paroles of the State of Texas has been furnished information by the Texas Department of Corrections that

| DAVID TREVINO | 444918 | RV |
|---|---|---|
| Name | TDC No. | |

now confined in the Texas Department of Corrections is eligible for Parole release under the provisions of A. 42.18 C.C.P. A satisfactory release plan has been submitted;THEREFORE, the Board of Pardons and Paroles hereby orders the said inmate be released under Parole to the confines of

| SAN PATRICIO | TEXAS |
|---|---|
| County | State |

and that he shall be deemed on parole and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

MR TOMAS SANCHEZ
CORPUS CHRISTI DISTRICT PAROLE OFF
5233 IH 37
SUITE A-6
CORPUS CHRISTI TEXAS 78408-2518

and that he be permitted to be at liberty in the legal custody of the Texas Department of Corrections but amenable to the orders of the Board of Pardons and Paroles, and under the rules and conditions of parole. The period of parole shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under parole is also calculated as calendar time. This permit to be at liberty on parole is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s) or specifying the context in writing below or in an attachment hereto. This certificate shall become effective when eligibility requirements for parole under Art. 42.18 C.C.P. have been attained by said inmate and when all rules and conditions both general and special are agreed to by said inmate. **BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.**

### SPECIAL CONDITIONS

(1) T

ISSUED BY ORDER, AND UNDER THE SEAL, OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THIS THE ___24TH___ DAY OF ___APRIL___ , 19 89

BOARD OF PARDONS AND PAROLES

If Parole is satisfactorily completed, Discharge Date will be 5-5-2003

RULES AND GENERAL CONDITIONS OF PAROLE RELEASE
AS PROVIDED BY THE BOARD OF PARDONS AND PAROLES, ART.42.18,C.C.P.

In consideration of the parole granted to me by the Board of Pardons and Paroles I do hereby accept such parole. I recognize that my parole release is conditional and agree to abide by the following terms and conditions:

1. Upon release from the institution, report immediately, as instructed, to my Parole Officer, thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board.
2. Obey all municipal, county, state and federal laws.
3. Obtain written permission of my Parole Officer prior to changing my place of residence.
4. Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5. I shall not own, posses, use, sell nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6. Abide by any Special Condition(s) imposed by the Board; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.

I hereby agree to abide by all rules of Parole and all laws relating to the revocation of Parole including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Parole or under Parole jurisdiction, may conduct such hearings as the Board shall deem necessary, proper or which may be required by law.

I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. If, at the time of my release, I have 12 calendar months or more to serve before I discharge my sentence; I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.

In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Parole by the Texas Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas for any jurisdiction in or outside the United States where I may be found; I do hereby further agree that I will not in any manner contest any effort by the State of Texas, or any state of jurisdiction, to return me to the State of Texas.

## SPECIAL CONDITIONS

A. Releasee shall participate in a maintenance free program for the treatment of alcohol abuse.
B. Releasee must complete the basic adult education program.
C. Releasee shall submit to urinalysis at discretion of the supervising officer.
D. Halfway House Placement. (See attachment)
E. Releasee shall not operate a motor vehicle without written permission from the supervising officer or the Board.
F. Release shall not open a checking account without written permission from the supervising officer or the Board.
G. Release to detainer or plan. (See attachment)
H. Releasee shall participate in an MH/MR counseling program.
M. Releasee shall not use Methadone.
N. Releasee shall participate in a maintenance free program for the treatment of substance abuse.
O. Other.
P. Releasee shall participate in a psychological counseling program.
R. (Instate) Make restitution payments as required by supervising officer in an amount to be set by the Board (Out of State) By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Board of Pardons and Paroles (P.O.Box 13401, Capitol Station, Austin, Texas 78711); total amount to be set by the Board.
S. (Mandatory) Releasee shall be under intensive supervision for not less than 180 days. (Parole) Releasee shall be under intensive supervision.
T. Releasee shall totally abstain from the use of alcoholic beverages of any kind.
U. Releasee shall submit to urinalysis.
V. Releasee shall not contact victim(s) of the instant offense without written permission from the supervising officer or the Board.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Parole shall be sufficient cause for revocation of Parole; and I further understand that when a warrant or a summons is issued by the Board of Pardons and Paroles charging a violation of Parole rule or special conditions the sentence time credit shall be suspended until a determination is made by the Board of Pardons and Paroles insuch case and such suspended time credit may be reinstated by the Board of Pardons and Paroles should such Parole be continued, as provided by law (Article 42.18, Section 15, C.C.P.). I understand and agree that while I am under Parole I am in the legal custody of the Texas Department of Corrections subject to orders of the Board of Pardons and Paroles and that I will receive credit on my sentence day for day (without commutation time); I further understand and do agree that in the event of revocation of this release on Parole, time spent on Parole will not be credited on my sentence.

AGREED AND SIGNED
on this date: APR 25 1986          Inmate's Signature   David Freire

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

APR 25 1986

PAROLE BOARD REPRESENTATIVE                    DATE

IS - 31 (9/87)

E

S T A T E        O F        T E X A S
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME:        DPS#: 2484038

WHEREAS DAVID TREVINO, # 444918 was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division, released to administrative supervision under Certificate No. 89-10933 and subsequently failed to fulfill the terms and conditions of said release, and is therefore not worthy of the trust and confidence therein placed:

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby REVOKE that adminis- trative release and same shall be null and void and of no force and effect as of this date.  It is hereby ORDERED THAT A WARRANT issue and the aforemen- tioned person be returned to be confined in the Institutional Division to serve the sentence originally imposed or so much thereof as had not been served at the time of administrative release; and the time during which subject has been at large or on administrative release shall not be considered or credited to subject on such sentence.
**********************************************************************
TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, a convicted felon and a prisoner of the State of Texas, administratively released from the custody of the Institutional Division, has violated the conditions of administrative release, and the Pardons and Paroles Division has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the State of Texas for return to said institution.  All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release.  The process is issued upon the authority of the Pardons and Paroles Division as provided in Article 42.18, Texas Criminal Procedure.  THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.

By _____  EH
                Board Member
Board of Pardons and Paroles
P. O. Box 13401            Phone
Austin, Texas  78711  (512)406-5452
Teletype#  BPPZ  or  ORI# TX227015G
WARRANT NO. 08-02-93-444918
08-02-93                  RULE #:1,2(ASSAULT BY CONTACT),3,6.
ISSUE DATE                DPS
                          SUPV REGION/ 10
                          AGENT REGION/
                          SUPV OFF/GARCIA/CORPUS CHRISTI
Revocation Grounds:       AGT OFF//
___ do include new conviction    RELEASEE
XX do not include new conviction
DAYS CONFINED PREV PRWs:
PPD-COC-98 (R-05-13-91)        IN CUSTODY DATE: 06-13-93

F

# State of Texas

DPO



DPS NO:   02484038

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### PARDONS and PAROLES DIVISION

## Certificate of Parole

## KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

**TREVINO, DAVID**                    **444918**        **TE**

Name                                                                        TDCJ No.

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for Parole under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Parole to the confines of the state and that he shall be deemed on parole and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

**CORPUS CHRISTI DPO**
**5233 IH 37**
**SUITE A-6**
**CORPUS CHRISTI, TX   78408**

**You will report to your assigned Parole Officer within 24 hours of release. Failure to do so will cancel your eligibility for further gate money funds.**

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of parole. The period of parole shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under parole is also calculated as calendar time. This permit to be at liberty on parole is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s) or specifying the context in writing below or in an attachment hereto. This certificate shall become effective when eligibility requirements for parole under Art. 42.18 C.C.P. have been attained by said inmate and when all rules and conditions both general and special are agreed to by said inmate. BE IT FURTHER KNOWN THAT **ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.**

## SPECIAL CONDITIONS

(1) S   (2) L

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES, AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THIS THE _____**2ND**_____ DAY OF ___**JUNE**___ 19 **95** .

BOARD OF PARDONS AND PAROLES

If Parole is satisfactorily completed, Discharge Date will be **7-14-2007**

## RULES AND GENERAL CONDITIONS OF PAROLE RELEASE AS PROVIDED BY
## THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PARDONS AND PAROLES DIVISION, ART. 42 18, C.C.P.

In consideration of the parole granted to me by the Board of Pardons and Paroles (Board) I do hereby accept such parole. I recognize that my parole release is conditional and agree to abide by the following terms and conditions:

1.  Upon release from the institution, report immediately, as instructed, to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer which are authorized by the Board and the Pardons and Paroles Division.
2.  Obey all municipal, county, state and federal laws.
3.  Obtain written permission of my Parole Officer prior to changing my place of residence.
4.  Obtain written permission of my Parole Officer prior to leaving the State of Texas.
5.  I shall not own, possess, use, sell, nor have under my control any firearm, prohibited weapon or illegal weapon as defined in the Texas Penal Code; nor shall I unlawfully carry any weapon nor use, attempt or threaten to use any tool, implement or object to cause or threaten to cause any bodily injury.
6.  The releasee shall avoid association with persons of criminal background.
7.  The releasee shall not enter into any agreement to act as 'informer' or special agent for any law enforcement agency without specific written approval of the Division Director.
8.  Abide by any Special Condition(s) imposed by the Board and the Pardons and Paroles Division; any such Special Condition(s) imposed upon release will be indicated on the face of this certificate by the letter(s) corresponding to the conditions as listed below.
9.  General Provisions
    a.  I hereby agree to abide by all rules of Parole and all laws relating to the revocation of Parole including, but not limited to, appearance at any hearings or proceedings required by the law of the jurisdiction in which I may be found or of the State of Texas. I further agree and consent that the receiving state, if I am under Compact Supervision, or any state wherein I may be found while on Parole or under Parole jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
    b.  I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my supervising officer with documentation verifying the payment by me of said amounts. I will be required to pay a supervision fee for each month I am required to report to a supervising officer as instructed by my supervising officer.
    c.  In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Inter-State Compact for the Supervision of Parolees and Article 42.11 Texas Code of Criminal Procedure, and in consideration of being granted Parole by the Board of Pardons and Paroles, or for any reason I may be outside of the State of Texas, I hereby agree to and I hereby do waive extradition to the State of Texas from any jurisdiction in or outside the United States where may be found; I do hereby further agree that I will not in any manner contest any effort by the state of Texas, or any state of jurisdiction, to return me to the State of Texas.

## SPECIAL CONDITIONS

C.  Releasee shall not open a checking account.
D   Release to detainer or plan. (See attachment)
E.  Releasee must attend basic education or vocational training as directed by supervising parole officer
H   Halfway House Placement. (See attachment)
I   Releasee must notify any prospective employer regarding criminal history, if position of financial responsibility is involved
L.  Releasee shall be assigned to the highest level of supervision or supervision case load until appropriate level of supervision is further established by objective assessment instrument and supervision case classification.
M.  Releasee shall comply with Sex Offender Registration Program.
O.  Releasee shall comply with any other condition as specified herein. (See attachment)
P.  Releasee shall participate in a Mental Health/Mental Retardation treatment or counseling program as directed by the supervising parole officer.
R.  (Instate)  Make restitution payments as required by supervising parole officer in a specified amount.
    (Out of State)  By the 10th of each month, payments (cashier's check or money order) shall be paid to the Texas Department of Criminal Justice, Pardons and Paroles Division (P.O.Box 13401, Capitol Station, Austin, Texas 78711); in a specified amount.
S   Releasee shall submit to substance(alcohol/narcotics) treatment program, which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions, or related requirements as directed by the supervising parole officer
V.  Releasee shall not contact victim(s).
Z   Releasee shall not enter the specified county without prior written approval.

I HEREBY CERTIFY that I fully understand and accept each of the above conditions under which I am being released and agree that I am bound to faithfully observe each of the same. I fully understand and agree that a violation of or refusal of or refusal to comply with any of the conditions of Parole shall be sufficient cause for revocation of Parole; and I further understand that when a warrant or a summons is issued charging a violation of Parole rule or special conditions the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should such Parole be continued, as provided by law (Article 42.18, Section 14, C.C.P.). I understand and agree that while I am under Parole I am in the legal custody of the Texas Department of Criminal Justice Institutional Division subject to orders of the Pardons and Paroles Division and that I will receive credit on my sentence day for day (without commutation time); I further understand and do agree that in the event of revocation of this release on Parole, time spent on Parole will not be credited to my sentence.

**AGREED AND SIGNED**

on this date: _____ Inmate's Signature ( _David Johnson_ )

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he has agreed to abide by the same upon his release.

_Leslie A. Woolley_

**PARDONS AND PAROLES DIVISION REPRESENTATIVE**

DATE

PSL - 31 (9/92)

# COUNTY OF RESIDENCE

NAME:                          TREVINO,DAVID
TDCJ NUMBER: <u>444918</u>
COUNTY OF RESIDENCE:   <u>SAN PATRICIO</u>
COUNTY OF RELEASE:     <u>SAN PATRICIO</u>

I shall, during my period of supervision, reside in <u>SAN PATRICIO</u> County, Texas, unless authorized to change my county of residence or to reside in another state. I fully understand that if the county in which I am allowed to reside is not my official county of residence, as defined by Article 42.18, Section 8A, of the Texas Code of Criminal Procedure, I may be directed to return to my official county of residence.

_Leslie A. Woolley_       JUN 0 9 1995        _David Trevino_         Date JUN 0 9 1995
Witness's Signature        Date                 Inmate's Signature

G



S.T A T E   O F   T E X A S
BOARD OF PARDONS AND PAROLES
PROCLAMATION OF REVOCATION AND WARRANT OF ARREST

TO ALL WHOM THESE PRESENTS SHALL COME: ·          DPS#: __02484038__
                                                   TDCJ#: _____444918_____

WHEREAS  DAVID TREVINO_____ was convicted of a felony offense of the Penal Code and
sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice, was
released to administrative supervision and subsequently failed to fulfill the terms and conditions of said release.

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it
under the laws of the State, does hereby REVOKE that administrative release and same shall be null and void
and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT issued and the
·aforementioned person be returned to be confined in the Institutional Division of the Texas Department of
. Criminal Justice.
*****************************************************************************************

TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE
ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL,
PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, has violated the conditions of administrative release, and the Board of Pardons and
Paroles has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is
hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and
deliver or yield said person to the custody of officers of the Institutional Division of the Texas Department of
Criminal Justice of the State of Texas for return to said institution. All parties are hereby informed that said
administrative release violator waived the right of extradition as a condition of administrative release. The
process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18, Texas
Code of Criminal Procedure and Chapter 508, Texas Government Code. THIS PROCLAMATION OF
REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.

Board of Pardons and Paroles
P. 0. Box 13401
Austin, TX 78711
By _____          (512) 406-5452
Board Chairman                        Teletype# BPPZ or ORI# TX227015G

                                      Distribution:
ISSUE DATE   06/01/1999               DPS
WARRANT NO   06-01-99-444918          TDCJ-ID
                                      DETAINING AUTHORITY

BPP-COC-98 (R-07-01-98)

H

# AFFIDAVIT

THE STATE OF TEXAS    §
COUNTY OF WALKER    §

     BEFORE ME, the undersigned authority, on this day personally appeared JOHN B. WYETH, who, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed:

     "My name is JOHN B. WYETH. I am over twenty-one years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

     I am employed as a Member of the State Classification Committee for the Texas Department of Criminal Justice - Institutional Division, and my office is located in Huntsville, Texas. I do hereby certify that the attached information provided on inmate **David Trevino, TDCJ-ID# 444918,** are true and correct copies of the records now on file in my office of the Bureau of Classification & Records of the Texas Department of Criminal Justice-Institutional Division.

     In witness whereof, I have hereto set my hand this the 26th day of May, 2000."

 

JOHN B. WYETH,
Member
State Classification Committee

     SWORN TO AND SUBSCRIBED BEFORE ME, by the said JOHN B. WYETH on this 25th day of May, 2000 to certify which witness my hand and seal of office.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P. O. Box 99, Huntsville, Texas 77342-0099

Wayne Scott
Executive Director

May 26, 2000

Office of the Attorney General
Ms. Jennifer Lee
Habeas Corpus Division
P.O. Box 12548
Austin, Texas 78711

**RE:   David Trevino        TDCJ-ID# 444918**

Ms. Lee:

The files of this Agency have been reviewed in regard to inmate David Trevino, TDCJ-ID# 444918, pursuant to your request.

The inmate was admitted to custody 3-3-87, with credit allowed from 12-18-86 on an 16-year sentence charged with  Burglary by the 36th  District Court under cause#6867-2 and a concurrent 8 year sentence charged with Burglary of Habit by the 36th  District Court under cause#6264-2. The inmate is charged for  offenses  occurring on 12-18-86  and 3-26-84, with sentencing on 2-12-87. Both offenses identified as eligible for mandatory supervision release by statute and not subject to flat calculated parole eligibility status only by statute identified as eligible for mandatory.  The subject inmate was released from custody by parole on  6-7-88 to San Patricio County.

The subject inmate was returned to custody on 1-20-89, with credit allowed from 11-15-88 to San Patricio County without new charges in violation of parole. At the point of readmission, the prisoner was charged as out of custody for a period of  5-months,  and 8-days for an unsatisfactory term of parole. The inmate was again released from custody by parole on 4-25-89 to San Patricio County. The subject was again readmitted to custody on 1-4-94, with credit allowed from 6-13-93, from Nueces County without new commitments, in violation of parole.  At the point of Readmission, the prisoner was charged as out of custody for a period of 4-years, 1-month, and 18-days for an unsatisfactory terms of violation of parole by the permanent forfeiture of appropriate prior earned good time credits as provided by statue and agency policy.

The subject was again released from custody by parole on 6-9-95 to Nueces County.  The subject Inmate was readmitted to custody on 7-5-99, with credit allowed from 11-2-98, from Arkansas County without new commitments, in violation of parole charged as out of custody for a period of

Ms. Jennifer Lee
May 26, 2000
Page 2


3-years, 4-months, and 23 days for an unsatisfactory term of parole.  The inmate was additionally penalized for the violation of parole by the permanent forfeiture of  appropriate prior earned good time credits as provided by statue and agency policy.

The subject inmate currently remains in custody with a scheduled 1-14-2005 mandatory supervision Release date, a 12-6-2010, maximum  expiration date, and currently parole eligible at the discretion Of the Board of Pardons and Paroles or with a scheduled first eligibility parole review date or Subsequent parole eligibility review date of 1-1-2002.


Sincerely,


JOHN B. WYETH,
Member
State Classification Committee
(936) 437-6505

JBW/kmw
cc:  file