In The United States District Court
For the Southern District of Texas
Corpus Christi Division

United States District Court
Southern District of Texas
FILED

JUL 1 3 2000

Michael N. Milby, Clerk

David Trevino,
444918,
Petitioner
vs
Gary Johnson,
Director-TDCJ-ID
Respondent

Civil Action : C-00-109

from the 36th D.C. of
San Patricio County

Petitioner Trevino's Traverse to Respondent Johnson's
Answer ; Motion to Strike

To the Honorable Judge of Said Court ;

Comes now Petitioner David Trevino, TDCJ-ID #44918, pro se, who respectfully files this, his, traverse to the Respondent's filed Answer and also files this, his, motion to strike said Answer. In good cause, Petitioner would show to this Court the following facts in support ;

I

This Honorable Court has original jurisdiction over the parties and subject matter pursuant to ~~42-US~~ 28 USC 2241, 2254 and the 1st, 4th, 5th, 6th, 7th, 8th, 9th, 10th and 14th Amendments to the U.S. Constitution. Petitioner has invoked the pendent jurisdiction of this Court to hear and decide issues arising out of State law ; Petitioner further invokes the rights & privileges secured to him by the Texas Bill of Rights and at Common Law.

II

Petitioner has been ordered to file this response to the Respondent's Answer by August 3rd, 2000. Therefore, this instrument(s) is timely.

III

Respondent has denied each & every allegation of fact made by Petitioner except those supported by the record and those SPECIFICALLY ADMITTED HEREIN.(pg 1). Respondent shows that Petitioner was sentenced to 16 years on or about 2-12-87, his appeal affirmed and no

18

P.D.R. filed in his behalf.

1.  Petitioner paroled in June 7th, 1988     ( pg 3 --Answer)
2.  Paroled revoked Dec. 13, 1988            ( pg 3 )
3.  Paroled on 4-5-89                        ( pg 3 )
4.  Parole revoked 8-2-93                    ( pg 3 )
5.  <u>Released on parole 6-9-95</u>         ( Id) & <u>Exhibit "F"</u>
6.  <u>Parole revoked June 1, 1999</u>       ( page 3 ) & <u>Exhibit "G"</u>

Respondent asks this Court to deny Petitioner's application based upon the time limitations of the ADEPA enacted in 1996. Respondent is flogging a dead horse in the middle of the street because the record supplied by Respondent & his counsel clearly show that Petitioner was out on parole from June 9th, 1995 until June 1, 1999 and the ADEPA enacted in 1996. See pg 4 of Answer.

Respondent & his counsel <u>specifically show</u> that Petitioner filed his article 11.07 V.A.C.C.P. application in November 1, 1999 ( see pg 2 of Answer ) and this instant application on March 14, 2000. Therefore, this application is timely made as it is within 1 year within re-incarceration. Petitioner cannot be faulted for failing to file his petition while on parole since a habeas action would have then been ~~inappropriate,~~ inapplicable.

Petitioner reurges each and every constitutional claim presented to this Court and would further in voke Texas Law which demand that a sentence be controlled by the law in effect at the time of the offense ( the force of law in effect shall continue for the duration of the sentence...). Petitioner had the right and now to assert his constitutional rights & privileges violated during trial.

Article 42.15c V.A.C.C.P. requires that a person be granted his calendar time on parole or mandatory supervision. Respondent is asking this Court to disregard said statute and declare it void. Former parole laws required Petitioner to be restored all his pre-

2.

previously earned good time credits within 120 days after revocation Cf Article 42.12 Sec. 23 V.A.C.C.P. which states :

> In order to complete the parole period, a aprolee <u>shall</u> be required to serve out the whole term for which he was sentenced <u>subject to the deduction of the time he earned</u> served prior to his parole AND to any diminution of sentence EARNED for good behavior while imprisoned... The time on parole SHALL be calculated as calendar time......

The force of law in effect when the sentence was imposed shall continue for the duration of the sentence. The Respondent nor the State had no authority to make any revisions to the parole requirements for this sentence ( e.g. no 2 or 3 year "set-offs" ), thus making it more difficult for Petitioner to be paroled. Petitioner is now entitled or has earned or served over 100 per cent of his sentence, inclusive of good time credits, and should be released to parole.

The trial judge did abuse his discretion in denying the plea bargain agreement between the defndant and the State thus rendering his guilty plea involuntary, and he was rendered ineffective counsel when counsel failed to notify the trial court that there was a definite 6 year plea bargain between his client and the State. An attorney shall "zealously" defend his client ( Code of Ethics ,Canon 13)

This instant application for habeas corpus should be granted.

IV

Motion to Stike Respondet's Answer

Petitioner has shown to this Honorable Court that the Respondent's filed Answer is less than fully truthful and his allegations based on bare assertions of fact. His conclusuions are faulty and groundless. See pgs 1-3 and Exhibits "F" & "G" . Respondent wants this Petitioner punished for not filing his application while on parole ! The only appropriate measure is for this Court to strike his Answer or hold him in contempt for presenting a false picture of the facts.

3.

## V

## Prayer

Wherefore, Premises Considered, Petitioner David Trevino, TDCJ-ID 444918, prays this Honorable Court grant his application for writ of habeas corpus and also grant his motion to strike in all things.

, I David Trevino, TDCJ-ID 444918, do hereby swear under penalty of perjury that I have read the foregoing facts stated above and further swear under said oath that I find the above facts to be true and correct.

July 7th, 2000

Respectfully Submitted,

*David Trevino*

David Trevino
444918
Ramsey I
1100 FM 655
Rosharon, Texas 77583-7670

Request for Submission to the Court:

It is respectfully requested this instrument entitled " Petitioner Trevino's Traverse to Respondent Johnson's Answer : Motion to strike" be filed immediately upon receipt by the Clerk of the Court and brought to the attention of the Presiding Judge with 14 days there after for his adjudication.

*David Trevino*

Request for hearing on motion to strike :

    Petitioner Trevino respectfully requests this Honorable Court to schedule and hold a hearing on his motion to strike Respondent Johnson's answer herein.

*David Trevino*

Certificate of Service :

I, David Trevino, 444918, do hereby certify that a true & correct copy of the foregoing instrument was sent by prepaid U.S. Mail Service to counsel as shown below this 7th day of July, 2000

    Ross Rayburn
    assistant attorney general
    P.O. Box 12548
    Austin, Texas 78711-2548

*David Trevino*