IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID TREVINO | § | |
| | § | |
| VS. | § | C.A. NO. C-00-109 |
| | § | |
| GARY L. JOHNSON | § | |

## MEMORANDUM AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS

In this § 2254 habeas corpus action, petitioner David Trevino ("Trevino") challenges his convictions for burglary of a habitation and burglary of a building on the grounds that the trial court refused to accept a plea agreement concerning both cases in violation of Trevino's due process and equal protection rights (DE #1). He also claims that he has been denied credit on his sentences for good time earned while incarcerated and for street time while on parole.

Respondent moves to dismiss[1] on the grounds that Trevino's petition is barred under AEDPA's one-year statute of limitations, and, in addition, that his claims for credit on his sentences fail to state a constitutional violation (DE #15). Trevino opposes the motion to dismiss and moves to strike respondent's motion or to hold respondent in contempt on the grounds that he has presented "a false picture of the facts" (DE #18). For the reasons stated herein, it is recommended that respondent's motion to dismiss Trevino's claims challenging his convictions as time barred be granted. It is further recommended that Trevino's claims

---

[1]Respondent filed an answer in which he requested dismissal (DE #15). Respondent's answer was construed as a motion to dismiss, and Trevino was provided forty-five days to file a response (DE #17).

challenging the administration of his sentences be dismissed for failure to state a constitutional violation.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II. BACKGROUND

By indictment dated April 27, 1984, Trevino was charged with burglary of a habitation in Cause No. 6264-2, styled <u>The State of Texas v. David Trevino</u>, in the 36th Judicial Court of San Patricio County, Texas. FP[2] at 2; <u>Ex parte Trevino</u>, Appl. No. 43,789-02 at 23. On May 24, 1984, Trevino pled guilty and the trial court assessed punishment at eight (8) years imprisonment, probated for eight years. FP at 2; <u>Ex parte Trevino</u>, Appl. No. 43,789-02 at 24-27.

While on probation, Trevino was indicted for the second degree felony offense of burglary of a building in Cause No. 6867-2, styled <u>The State of Texas v. David Trevino</u>, in the 36th Judicial Court of San Patricio County, Texas. <u>Ex parte Trevino</u>, Appl. No. 43,789-01 at 35. On February 12, 1987, Trevino pled guilty and the trial court sentenced him to sixteen (16) years in the Texas Department of Corrections, now the TDCJ-ID. FP at 2; <u>Ex parte</u>

---

[2] "FP" refers to Trevino's federal petition (DE #1), "RMD" refers to respondent's motion to dismiss (DE #15), and "FR" refers to Trevino's response to the motion to dismiss (DE #18). Copies of Trevino's state habeas corpus applications, <u>Ex parte Trevino</u>, Appl. Nos. 43,789-01, -02, are filed in this case at DE #16.

2

Trevino, Appl. No. 43,789-01 at 36-37. Trevino appealed, FP at 3, and on August 28, 1987, the Thirteenth Court of Appeals affirmed his conviction. See Ex parte Trevino, Appl. No. 43,789-01 at 43-48 (copy of Trevino v. State, No. 13-87-080-CR (Aug. 28, 1987) unpublished). Trevino did not file a petition for discretionary review. FP at 3.

On February 12, 1987, the same date that he was found guilty in Cause No. 6867-2, Trevino's probation in Cause No. 6264-2 was revoked and the trial court sentenced him to eight (8) years imprisonment. Ex parte Trevino, Appl. No. 43,789-02 at 31-33. Trevino did not appeal this conviction.

On June 7, 1988, Trevino was released on parole. RMD Ex. B. His parole was revoked on December 13, 1988. RMD Ex. C.

On April 25, 1989, Trevino was again released on parole. RMD Ex. D. His parole was revoked on August 2, 1993. RMD Ex. E.

On June 2, 1995, Trevino was released on parole a third time. RMD Ex. F. On June 1, 1999, his parole was revoked and he was returned to the custody of the TDCJ-ID. RMD Ex. G.

On October 25, 1999, Trevino filed with the state district court two identical state applications for habeas corpus relief complaining that he was entitled to credit on his sentences for previously earned good time and time spent on parole.[3] Ex parte Trevino, Appl. No. 43,789-01 at 3-6, 7-18; Ex parte Trevino, Appl.

---

[3]The applications are identical and were filed on the same date. It appears that the state district court assigned one application to Cause No. 6867-2 (Trevino's 1987 conviction for burglary of a building) and one application to Cause No. 6264-2 (Trevino's 1984 conviction for burglary of a habitation). See Clerk's Summary Sheet for Appl. No. 43,789-01 and 43,789-02.

3

No. 43,789-02 at 3-6, 7-18. On November 1, 1999, Trevino filed another application in which he challenged the refusal of the trial court to accept his plea agreement; this application was included in Appl. No. 43,789-01. See Ex parte Trevino, Appl. No. 43,789-01 at 22-31. On January 12, 2000, the Texas Court of Criminal Appeals denied both of Trevino's applications without written order. Ex parte Trevino, Appl. No. 43,789-01 at cover; Ex parte Trevino, Appl. No. 43,789-02 at cover.

The instant federal petition is deemed filed at the time it was delivered to prison officials, in this case, March 9, 2000. See FP at 9; Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).

### III. PETITIONER'S ALLEGATIONS

Trevino challenges both sentences on the following grounds:

1. He received ineffective assistance of counsel because his attorney failed to object to the trial court's rejection of his plea agreement in which he agreed to six years on each sentence, to run concurrently, FP at 7;

2. His guilty plea was rendered involuntary when the trial court refused to accept the plea agreement calling for concurrent six-year sentences, FP at 7;

3. The prosecutor failed to honor the plea agreement by failing to object to the court's decision to reject the plea agreement, FP at 7;

4. The trial court rejected the plea agreement and proposed a harsher punishment in violation of Trevino's due process and equal protection rights, FP at 8;

5. He was denied the right to appeal the rejected plea bargain because his attorney failed to perfect an appeal, FP at 8A; and

6. He has been denied credit for previously earned good time and denied credit for his calender time, FP at 8A.

4

## IV. MOTION TO DISMISS

A.  **AEDPA's statute of limitations.**

Under the 1996 amendments to the federal habeas corpus statute, which took effect April 24, 1996,[4] state prisoners have a one-year statute of limitations within which to file a petition for federal habeas corpus relief. Limitations runs from the latest of four alternative dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (1996).

In most cases, subsection (A) applies and the limitations period is found to have began to run when the judgment became final after direct review or the time for review had expired; situations in which subsections (B)-(D) apply involve "rare and exceptional" circumstances. See e.g. Owen v. Hickman, 1999 WL 226127 * 1, n.1

---

[4] These amendments are embodied in the Antiterrorism and Effective Death Penalty Act of 1995, ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. Trevino's petition, filed on March 9, 2000, is subject to the provisions of the AEDPA. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059 (1997).

5

(N.D. Cal., Apr. 9, 1999) ("In rare instances, the limitation period may run from a later date. See 28 U.S.C. § 2244(d)(1)(B)-(D).").

B.  **Challenges to the underlying convictions and challenges to the administration of his sentences.**

In this case, Trevino is attacking both (1) his convictions as unconstitutional based on the rejection of his plea agreement and (2) the administration of his sentences, claiming that he is entitled to credit on his sentences for previously earned good time and street time on parole. His challenges to his convictions are governed by subsection (A) and the limitations period began to run when the judgments became final after direct review or the time for review had expired.[5]

Applying subsection (A) to Trevino's petition, it is apparent that his claims challenging his convictions as unconstitutional are time barred. Trevino pled guilty to burglary of a building in Cause No. 6867-2 on February 12, 1987, Ex parte Trevino, Appl. No. 43,789-01 at 36-37, and his conviction was affirmed by the Court of Appeals on August 28, 1987. Ex parte Trevino, Appl. No. 43,789-01 at 43-48. He did not file a petition for discretionary review. FP at 3. As such, his conviction became final when the time for filing a petition for discretionary review expired, that is, thirty

---

[5]None of the other three dates are applicable. The record does not reflect, nor does Trevino argue, that any unconstitutional "state action" prevented him from filing for habeas corpus relief, 28 U.S.C. § 2244 (d)(1)(B), nor does his claim concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Finally, Trevino does not allege that he could not discover the factual predicate of his claims concerning the trial court's refusal to accept his plea agreement at any later date. 28 U.S.C. § 2244(d)(1)(D).

6

days after the judgment of the Court of Appeals was rendered, or September 28, 1987. Tex. R. App. P. 202(b) (Vernon's 1991), now Tex. R. App. P. 68.2(a). Thus, limitations to challenge his burglary of a building conviction ran prior to AEDPA's enactment.

Similarly, in Cause No. 6264-2, Trevino's probation was revoked on the same date he pled guilty in Cause No. 6867-2. Ex parte Trevino, Appl. No. 43,789-02 at 31-33. Trevino did not file an appeal. As such, the revocation of his probation became final thirty days after February 12, 1987, Tex. R. App. P. 26.2(1), and again, his conviction became final prior to AEDPA's enactment.

In cases where the statute of limitations expired prior to AEDPA's enactment, the petitioner is entitled to a one-year post-AEDPA filing period commencing on April 24, 1996. United States v. Flores, 135 F.3d 1000, 1005 (5th Cir. 1998). In addition, the one-year post-AEDPA grace period is subject to the tolling provisions of § 2244(d)(2). Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998).

Applying the reasoning of Flores and Fields, Trevino had one year from AEDPA's effective date, that is until April 24, 1997, plus any statutory "tolling period," within which to file his federal habeas petition. Trevino filed his state habeas corpus applications on October 25, 1999. See Ex parte Trevino, Appl. No. 43,789-01 at 2, and Ex parte Trevino, Appl. No. 43,789-02 at 2. Because his state applications were filed two years and five months after the AEDPA grace period had expired, the applications were not pending during the grace period and cannot serve to toll the running of the grace period. 28 U.S.C. § 2244(d)(2).

7

Trevino did not file his federal petition until March 9, 2000, long after the April 24, 1997 deadline. His petition is time barred.

As to his claims concerning the administration of his sentences, Trevino argues that those claims did not arise until his parole was revoked the third time, that is, on June 1, 1999, such that he had one year from June 1, 1999, or until June 1, 2000, to present those claims in a habeas corpus petition. FR at 2. That is, Trevino argues that subsection (D) applies to those claims. However, the Court need not decide whether these claims are time barred because, as discussed below, these claims fail to raise a constitutional violation.

**C.   Good time and street time credits.**

   **1.   *Good time credits.***

Trevino argues that he is entitled to credit on his sentence for any good time credits he earned while in prison. See FP-Attached brief at 5-6. This claim fails to raise a claim under federal constitutional law.

Since 1977, Texas law has provided that good conduct time credits are "a privilege and not a right" and "appl[y] only to eligibility for parole or mandatory supervision," rather than an actual reduction in an inmate's sentence. Tex. Rev. Civ. Stat. Art. 6181-1 § 4, now Tex. Gov't Code § 498.003(a)(Vernon 1998). See also Ex parte Montgomery, 894 S.W.2d 324 (Tex. Crim. App. 1995) (inmate has no absolute right under due process clause to have lawfully forfeited good conduct time credits restored).

8

The Texas Government Code provides that previously accrued good time credits are forfeited upon return to TDCJ following revocation of parole or mandatory supervision. Gov. Code § 498.004(b)(Vernon 1998). Moreover, a parole violator has no federal constitutional right to the reinstatement of previously forfeited good conduct time credits, and the failure to restore such credits does not violate due process. Hallmark v. Johnson, 118 F.3d 1073, 1079-80 (5th Cir. 1997)(no protected liberty interest in the restoration of forfeited good time credits).

Trevino fails to establish that the state court's decision denying his claim was contrary to clearly established federal law, or involved an unreasonable determination of the facts in light of the evidence, and Trevino is not entitled to habeas corpus relief.

2. *Street time*.

Trevino contends that he is entitled to credit on his sentences for his street time while he was on released on parole. FP at 8A, FP-Attached brief at 4-5.

Texas law is clear: when parole is revoked, a parolee is not entitled to credit for time spent on parole. Ex parte Adams, 941 S.W.2d 136, 137 (Tex. Crim. App. 1997) (en banc). In fact, each Certificate of Parole signed by Trevino warns him that time on parole will be forfeited if his parole is revoked. See RMD Exs. B, D, and F ("BE IT FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS PAROLE, AND THAT ALL TIME SERVED ON PAROLE SHALL BE FORFEITED.").

Moreover, the loss of street time does not give rise to a federal habeas corpus claim. See Newby v. Johnson, 81 F.3d 567,

9

569 (5th Cir. 1996) (claim challenging loss of street time upon revocation of parole fails to demonstrate denial of a federal right).

Trevino fails to establish that the state court's decision denying his claim was contrary to clearly established federal law, or involved an unreasonable determination of the facts in light of the evidence, and he is not entitled to habeas corpus relief.

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that respondent's motion to dismiss be granted and that Trevino's claims challenging his convictions be dismissed as untimely. 28 U.S.C. § 2244(d). It is further recommended that his claims for good time credit and street time credit on his sentences be dismissed for failure to raise a constitutional issue. 28 U.S.C. § 2244(d).

Respectfully submitted this 24 day of July, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

11