IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED
AUG - 7 2000
MICHAEL N. MILBY, CLERK

DAVID TREVINO

    VS.                                  C.A. No. C-00-109

GARY L. JOHNSON

## PETITIONERS OBJECTION TO MAGISTRATES RECOMMENDATION

To the Honorable Judge of said Court:

    Now comes David Trevino, the petitioner responding by objection to Magistrates recommendation. In support the petitioner will show the following Court the following issues:

### ISSUE 1

    Petitioner is neither a lawyer or a paralegal therefore he relies upon <u>Haines vs Kerner 92 S.ct. 594</u>, which <u>mandates</u> that the pro-se litigants must not be held to the same strict standards requested of a lawyer in drafting their pleadings, therefore petitioner moves this Court to construe this document liberally, with one eye towards attainment of a substantial Justice in order to protect the petitioners Constitutional Right to due process of Law.

### ISSUE 2

    The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## Issue 3

The U.S. Magistrate is misinterpreting 28 U.S.C. § 2244 (B)(D), and not applying on my case "rare and exceptional circumstances".

The U.S. Magistrate is recommending time barred. I will show the following Court reasons for my objection.

The fifth circuit Court of Appeals has joined its sister circuits concluding that the statute of limitations provisions added by AEDPA is a statute of limitations subject to equitable tolling in appropriate exceptional circumstances, and the one-year limit is not a jurisdictional bar. Davis v. Johnson 158 F.3d, 806-810-11 (5th Cir 1998) cert. denied - U.S- 119 S. Ct. 1474 (1999).

While § 2244 (d)(1) may be subject to equitable tolling, such tolling is aviable only when the Petitioner meets the high hurdle of showing

(1) extraordinary circumstances
(2) beyond his control
(3) that made it impossible to file his petition on time

See Henderson v. Johnson 1F. supp. 2d, 650, 654 (N.D. Tex; 1998) (Fitzwater)(Joining - Calderon v. United States District Court, 128 F.3d 1283 (9th circuit 1997) cert. denied - U.S. - 118 S. Ct 899 and - U.S.- 118 Sect. 1389 (1998) and progeny)

### 1. extraordinary circumstances:

The petitioner was not in prison when the AEDPA Law came into effect April 24, 1996. Petitioner was out on parole from June 1995 - June 1, 1999.

### 2. beyond his control:

Petitioner did not have any way of knowing about the AEDPA limitations, a petition while on parole would have been inapplicable.

### 3. that made it impossible to file his petition on time:

Petitioner was revoked and returned to prison on June 1, 1999 by and before June 1, 2000 Petitioner has filed

(2)

both his State and Federal petitions before the 1 year deadline. Making them timely filed.

4. <u>rare and exceptional circumstances</u>

Therefore while petitioner was out on parole and before AEDPA came into effect, Petitioner could use his own discretion according to old law, to file his federal petition. Petitioner could not be faulted for not being in two different places at the same time.

## ISSUE 4

The U.S. Magistrate misintrepreted the AEDPA act by claiming Petitioner is barred from a evidentary hearing in the federal Courts.

United States Supreme Court held in <u>Williams v Taylor</u> 120 S.Ct. 1474 (2000)

(1) according to AEDPA, a failure to develop a factual claim Basis is not established <u>unless</u> there is <u>lack of diligence</u> attributable to petitioner or his counsel

(2) Petitioner was entitled to evidentaly hearing on his claims of Juror Bias and Prosecutorial Misconduct.

Petitioner contents that AEDPA act of 1996 did not bar him from an evidentialy hearing in federal Court in section 2254 (e)(2). Petitioner filed his petition after AEDPA's effective date. In which the state Court did not hold an evidentiary hearing on the constitutional claims violations or did the U.S. District Court hold an evidentialy hearing which caused an unreasonable Application of clearly established federal law as determined by the Supreme Court, <u>Nobles v. Johnson, 27 F.3d 409, 418, 118 S.Ct., 1845 Williams v. Taylor</u> - US-, 120 S.ct. 1479, 1516-17 (2000).

## ISSUE 5

The U.S. Magistrate erred in her recommendation stating that Petitioner has failed to state constitutional violation on the forfeited good time and street time. Petitioner will show the Court the following bases for objection:

(3)

The Fifth Circuit Court of Appeals held in <u>Shields v. Beto</u> 307 F.2d, 1003 (5th Cir 1967) (a prisoner cannot be required to serve his sentence in installments) at 1006 Shields supra.

Petitioner was sentenced to 16 years in Feb. 12, 1987, at the time of sentence there was no forfeiture laws or statute, and it violates Petitioners constitution rights under the 14th Amendments to apply a new law that did not exist in 1987 under the 65th legislature.

The Courts have held that a sentence must be continuous and a prisoner or inmate cannot serve a sentence in installments unless it is shown that a premature release occured through some fault on the part of the prisoner <u>Shields v. Beto</u> supra.

Petitioner relys on the Ruling of the United States Supreme Court in the case of <u>Kenneth Lynce vs. Hamilton Mathis</u> 117 S.Ct. 891 (1997) etal. No-95-7452 argued Nov. 4, 1996 decided Feb. 19, 1997 reversed and remanded.

The Court ruled it, unconstitutional and a violation of Civil Rights amendments impartially the Bill of Rights a Rare violation in condition of the 14th Amendment, 39 U.S. 145) Bill of Attainer, 2) Due Process, 3) Equal Protection, 4) Establishment Clause, 5) Ex Post Facto, 6) Freedom of Contract, 7) Free Exercise Clause, 8) Guarantee, 9), obligation of Contract, 10) priveldge against, 11) Void for vagueness. It touched on constitution law. 199, 203 and varied prisoner is (5); it had variances on and in the U.S.C.A. Const. Art 1 and 10, cl. 1; it listed as references to U.S. Supreme Court Briefs as; A) 1996 WL. 419841 (pet. brief) 1996 WL. 501965 (Rep. brief) C) 1996. WL 567557 reply brief.

(4)

I, David Trevino, TDCJ-ID 444918, do hereby swear under penalty of perjury that I have read the foregoing facts stated above and further swear under said oath that I find the above facts to be true and correct.

Respectfully Submitted,

David Trevino
444918
3001 S. Emily Drive
Beeville, Texas
78102

Certificate of Service:

I, David Trevino, 444918, do hereby certify that a true and correct copy of the foregoing instrument was sent by prepaid U.S. Mail Service to counsel as shown below this 2nd day of Aug, 2000.

Ross Rayburn
assistant attorney general
P.O. Box 12548
Austin, Texas
78711-2548

David Trevino
PRO-SE

(5)