IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

date 8-15-00

United States District Cou―
Southern District of Texas
FILED

AUG 21 2000

MICHAEL N. MILBY, CLERK

DAVID TREVINO
   VS.

GARY L. JOHNSON

C.A. NO. C-00-109

## MOTION FOR TRANSCRIPT

     The Petitioner DAVID TREVINO, pro se, moves the Court to furnish him, at the governments expense, a true and correct copy of the transcript of proceedings in his trial under cause #6867-2, 6264-2 out of San Patricio County, Texas on or about Feburary 12, 1987. In support of this motion the Petitioner states:

    1. That in his motion to set aside his conviction or to vacate his sentence, filed on March 14, 2000, (03-14-00), he alleged that he was denied the effective assistance of counsel guaranteed by the SIXTH and FOURTEENTH AMENDMENTS of the UNITED STATES CONSTITUTION, that defense counsel failed to object when the COURT rejected the intially agreed plea bargain agreement of 6 years by both parties and errorously advised Petitioner to plea GUILTY to a BLIND agreement on which Petitioner was sentenced to the BLIND agreement of 16 years.( The U.S. Supreme Court held in HILL VS. LOCKHART 106 S.CT. 366 that Petitioner had the right to sufficient counsel at the plea and the punishment STAGE.

    Petitioner needs TRIAL RECORDS to take proper notes and facts from the TRIAL RECORDS on his claim of insuffient of COUNSEL for this COURT.

    2. Withput acess to trial records and transcripts the Petitioner will be effectively precluded from presenting to this COURT any thing other than conclusory allegatoons based upon his memory of the trial proceedingswhich, at this late date, has been distorted by the passage of time.

    3. Thet the Petitioner cannot contact previously appeallate counsel who obtainted a copy of the transcript in the filing of the appeal, because counsel no longer works in same county or even presides in same county. All other personal information of appellate counsel is private and being held from Petitionner.

    4. The Petitioner contends that the Court did not hold a evidentiary hearing on the CONSTITUTIONAL VIOLATIONS. The UNITED STATES SUPREME COURT held in WILLIAMS VS.

TYLER 120 S.CT 1474 (2000) that the Petitioner has a right to an evidentiary hearing regardless whether (AEDPA 1996-1997)(ACT), applies or not.

Petitioner needs all transcripts, trial records, statement of facts, for an evidentiary hearing. If he does not get the requested documents Petitioner will have to base his claims on heresay.

5. That Petitioner is an indigent and cannot afford to pay the costs of the production of the trial transcript or other documents requested.

WHEREFORE, the Petitioner respectfully requests that this COURT order the COURT reporter to furnish him with a copy of the transcript of his TRIAL without costs.

Respectfully submitted,

*David Trevino*

DAVID TREVINO
#444918
3001 S. EMILY DRIVE
BEEVILLE, TEXAS 78102

Certificate of service:

I, DAVID TREVINO, 444918, do hereby certify that a true and correct copy of the motion for transcript was sent by prepaid U.S. mail service to counsel as shown below tis 15 day of August, 2000.

Ross Rayburn
assistant attorney general
P.O. Box 12548
Austin, Texas
78711-2548

*David Trevino*

DAVID TREVINO
PRO-SE

(2.)