IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DAVID TREVINO
 Petitioner,

VS.                                     C.A. No. C-00-109

GARY L. JOHNSON
 Respondent.

## NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Notice is hereby given that DAVID TREVINO, 444918 Petitioner, in the above-named cause, hereby Appeals to the United States Appeals for the Fifth Circuit from the Denial of Petitioner's Application for writ of Habeas Corpus entered in cause No. C-00-109 on August 11, 2000.

Executed August 29, 2000

Respectfully Submitted
David Trevino
DAVID TREVINO #444918
W.G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

28.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DAVID TREVINO §
    Petitioner, §
  VS. § C.A. NO. C-00-109
GARY L. JOHNSON §
    Respondent. §

## CERTIFICATE OF APPEALABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

The Petitioner DAVID TREVINO, PRO SE requests that this COURT grant a CERTIFICATE OF Appealability in the above-entitled matter and states in support the following:

1. The Petitioner filed an application to the DISTRICT COURT for a writ of habeas corpus #C-00-109 challenging the validity of his detention by the State of Texas and County of San Patricio.

2. The United States District Court for the Southern district of Texas, Corpus Christi division, on August 11, 2000 denied Petitioner's federal habeas corpus.

3. On August 19, 2000, Petitioner filed a notice of Appeal from the order of the DISTRICT COURT denying the habeas corpus.

4. Petitioner cannot appeal the DISTRICT COURT'S denial without a issuance for a Certificate of Appealability, See U.S.C. § 2253 FED.R.App.pro. 22.(b).

5. The Petitioner intends to Raise on appeal the following points, which he believes to be meritorious.

(A) The DISTRICT court errored in not holding an evidentiary hearing when the State court did not address Petitioner's claims which caused an unreasonable application of clearly established federal law, as determined by the Supreme court NOBLES V. JOHNSON 27 F.3d. 409, 418, 118 S.Ct. 1845, WILLIAMS V. TAYLOR —

1.

US - 120 S.Ct. 1479, 1516-17 (2000).

(B.) The District Court erred in not granting relief to the Petitioner under statute 28 USC § 2254 (e) (3), 2243. When the Petitioner is held in custody in violation of the United States Constitution, PREISER V. RODRIGUEZ 411 U.S. 475, 484 (1973), STONE V. WAINWRIGHT CA.5 (Fla.) 1973, 478 F.2d 390, STANTILLAN V. BETO DC (TX) 1974, 371 F. Supp. 194, TURNBOW V. ESTELLE CA5 (Tex) 1975, 510 F.2d 127, SLACK V. McDANIEL 120 S.Ct. 1592 (2000), MUNTEZ V. KCKUINNG 208 F.3d 862 (2000).

(C.) The DISTRICT COURT erred in holding that Petitioner's case was not rare and exceptional circumstances, when Petitioner was not in prison when the AEDPA Act became a federal statute and the Petitioner did meet the standard in DAVIS V. JOHNSON 158 F.3d 806, 810-11 (5th Cir. 1998) HENDERSON V. JOHNSON 1 F.Supp 2d. 650, 654 (N.D. TX, 1998) under rare and exceptional circumstances.

(D) A C.O.A. can be issued even after the U.S. DISTRICT COURT denies the petition on procedural grounds without reaching the underlying constitutional claims. The 2244(d) does not prohibit the courts from entertaining actions after the statutory limit has passed. DAVIS V. JOHNSON 158 F.3d 806, 811-15 (5th Cir. 1998), TEAGUE V. SCOTT 60 F.3d 1167, 1172 (5th Cir. 1995).

(E.) The Petitioner has a liberty interest to his flat time credit and good time, WOLF V. McDONNELL 418 U.S. 539, 94 S.Ct. 2463, 41 L.Ed 2d 935 (1994) in WOLF supra; the SUPREME COURT held the prisoner has the right to due process when good time is taken.

Petitioner did not get a hearing, nor a notice, nor was there any statement of the punishment to take his good time especially his street time, nor was he given an impartial hearing body when his street time and good time was taken in which he has an liberty inter-

2.

est MILLER v. SELSKY 111 F.3d 7 (2ND Cir. 1997).

(F.) NEW LAW or STATUTES cannot be Apply to an old sentence under former legislations nor once Petitioner's sentence has begun to run see LYNCE v. MATHIS 117 S.Ct. 891.

WHEREFORE, PETITIONER prays that a CERTIFICATE OF APPEALABILITY be issued and granted.

Respectfully submitted,
*David Trevino*
DAVID TREVINO #444918
McConnell Unit
3001 S. EMILY DR.
Beeville, Texas 78102

CERTIFICATE OF SERVICE:
    I, DAVID TREVINO, 444918, do hereby certify that a true and correct copy of CERTIFICATE OF APPEALABILITY was sent by prepaid U.S. MAIL service to counsel as shown below, this 29th day of August, 2000.

Ross Rayburn
assistant attorney general
P.O. Box 12548
Austin, Texas
    78711-2548

*David Trevino*
DAVID TREVINO
PRO-SE

3.